35717. PIEL *et al. v.* SNOW'S LAUNDRY & DRY CLEANING COMPANY.

DECIDED JULY 7, 1955.

412

*Saul Blau, Charlie Franco,* for plaintiffs in error.
*Walters & Roberts,* contra.

FELTON, C. J. ■ The writ of error must be dismissed as to the exception to the grant of the new trial on motion by the defendant after the first trial, for the reason that the judgment granting a new trial was such a judgment as required direct exception within fifteen days from the judgment granting the new trial. Such a judgment is not an interlocutory judgment as to the second trial.

■ The evidence showed that on February 21, 1954, the plaintiffs rented the equipment involved to James E. Estes, to be returned to the plaintiffs on February 22, 1954. A receipt was signed by James E. Estes for the equipment, showing a deposit of $20, the daily rental, etc. The equipment was not returned on February 22, but remained at the defendant's place of business for 53 days, for which charge was made. The evidence showed that at the time of the rental the plaintiffs did not know that Mr. Estes was a truck-route man for the defendant, and did not know he was employed in any capacity by the defendant except to do some painting work. The evidence was in conflict as to all issues with the possible exception of one; but, assuming that there was a conflict on all issues, the judge, acting as a trior of facts, was authorized to find: (1) that, after the plaintiffs discovered that Mr. Estes was an employee of the defendant as a route man, and was also doing the paint work for it, the plaintiffs accepted payments on the rental contract from Mr. Estes by receiving monies which it knew belonged to Mr. Estes individually, and thereby elected to deal with Mr. Estes as an individual after being put on inquiry as to whether he was an agent of the defendant as to the paint work; (2) the court was also authorized

to find that as to the paint work Mr. Estes was an independent contractor, in which event the defendant would not be liable under any circumstances, since the finding was also authorized that there was no estoppel against the defendant; (3) the judge was also authorized to find that, if Mr. Estes was merely an agent in the renting of the equipment, the actual authority to rent it was confined to authority to rent it solely for the days it was actually used, and that the defendant had paid the agent approximately the amount of the rentals as such for such days of . use of the equipment. Code § 4-305. The exact number of days the equipment was in use is not shown by the evidence. In this connection the court was authorized to find that in the original renting there was no question of apparent authority on the part of the agent to represent the defendant in the rental contract, and that there was no conduct on the part of the defendant to lead the plaintiffs to believe that the agent had the authority to rent the equipment as agent so as to induce the plaintiffs to leave the equipment with the agent for a longer time than it otherwise would have done. The right of a third person to elect to proceed against a principal is confined to the liability arising from the actual authority given the agent, when the findings are authorized, as in this case, that the authority was a special and limited one, and no question of apparent authority or estoppel was involved.

The court did not err in denying the plaintiffs' motion for a new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*